UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., | CASE NO. C09-0197-MAT |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| FRED HILL MATERIALS, INC., | |
| Defendant. | |

Plaintiff Northwest Administrators, Inc. moves the Court for summary judgment against defendant Fred Hill Materials, Inc. (Dkts. 6 & 7.) This matter was brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"). Defendant is bound by a collective bargaining agreement with Local 589 of the International Brotherhood of Teamsters, which requires defendant to pay monthly contributions to the Washington Teamsters Welfare Trust Fund (hereinafter "Trust") for eligible employees. (*See* Dkt. 8, Ex. A.) Defendant also signed an Agreement and Declaration of Trust containing terms as to damages owed as a result of any delinquent contributions, as well as attorneys' fees

and costs. (*Id*., Ex. B.) Plaintiff is the authorized administrative agent for and assignee of the Trust and seeks delinquent contributions to the Trust, as well as associated damages, attorneys' fees, and costs for the period from December 2008 through February 2009. Plaintiff attaches remittance reports from defendant for the month of December 2008 and a spreadsheet showing the amounts of contributions owed, their due dates, and calculations of liquidated damages and interest. (*Id*., Exs. C & D.)

In its answer to plaintiff's complaint, defendant acknowledged that it was a party to the above-described agreements, admitted that it failed to report for and pay some, but not all, of the relief requested, admitted that its records contained detailed information necessary to determine the extent of its unpaid allegations to plaintiff, but otherwise denied plaintiff's allegations. Defendant did not oppose plaintiff's motion for summary judgment. The Court deems defendant's failure to oppose to be an admission that plaintiff's motion has merit. *See* Local Civil Rule 7(b)(2). The Court also, for the reasons described below, finds plaintiff entitled to summary judgment.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *See Celotex*, 477 U.S. at 322-23.

ERISA obligates participating employers to make contributions to a multi-employer

trust fund in accordance with the contract and trust agreement. *See* ERISA Section 515, 29 U.S.C. § 1145. ERISA also provides specific mandatory remedies for delinquent contributions, including, in addition to the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. *See* 29 U.S.C. § 1132(g)(2). As noted, defendant also signed an Agreement and Declaration of Trust containing terms as to damages owed as a result of delinquent contributions.

In this case, using the remittance reports for the month of December 2008, plaintiff calculates total contributions owed in the estimated amount of $186,998.82 for the period of December 2008 through February 2009. (*See* Dkt. 8, ¶ 11 and Exs. C & D.) Plaintiff further calculates that defendant is obligated to pay liquidated damages in the amount of $37,399.76, pre-judgment interest, as of March 19, 2009, in the amount of $2,336.20, $578.75 in attorneys' fees, and $455.10 in costs. (*Id*., ¶ 13 and Exs. C & D; Dkt. 9, ¶¶ 2, 5 and Ex. A.)

The Court finds no issues of fact regarding either the enforceability of the collective bargaining and trust agreements at issue in this case or plaintiff's entitlement to the total amount of delinquent contributions, liquidated damages, interest, attorneys' fees, and costs sought. Accordingly, the Court finds summary judgment appropriate.

For the reasons described above, plaintiff's motion for summary judgment is hereby GRANTED and plaintiff awarded a total of $186,998.82 in delinquent contributions for the period from December 2008 through February 2009. Plaintiff is also entitled to liquidated damages, interest, attorneys' fees, and costs, as outlined above. However, because plaintiff calculated the amounts described above as of March 19, 2009, a revised accounting may now be in order. Accordingly, plaintiff shall submit such information within **ten (10) days** of the date

01 | of this Order.

02 | DATED this 5th day of June, 2009.

s/ Mary Alice Theiler
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -4